UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT J. BELL, III ,

    Plaintiff,

v.                                                                                                   Case No:  2:12-cv-591-Ftm-29SPC

LOWES HOME CENTERS, INC.,

    Defendant.

_____/

### ORDER

This matter comes before the Court on the Plaintiff, Robert J. Bell, III and the Defendant Lowe's Home Centers, Inc.'s Stipulation to Amend Complaint (Doc. #14) filed on January 31, 2013.  The Court will construe the Stipulation as a Motion for Leave to Amend.  In the future, the Parties are cautioned that requests for relief from the Court must be made as a motion and not as a stipulation.  Failure to comply may result in the request being denied without any further notice.

Under Federal Rule of Civil Procedure 15(a), a party may amend the party's pleading as a matter of course within twenty-one (21) days after serving it or, if the pleading is one which a responsive pleading is required, twenty-one (21) days after service of the responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), (e), or (f) whichever, is earlier.  Fed. R. Civ. P. 15(a)(1).  Otherwise, the Party must seek leave of court or written consent of the adverse party in order to amend the pleading. Fed. R. Civ. P. 15(a)(2).  "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001).  However, pursuant to Fed. R. Civ. P. 15(a), timely motions for leave to amend are held to a very liberal standard and

leave to amend should be freely given when justice so requires. <u>Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Company</u>, 184 F.R.D. 674, 678 (M.D. Fla 1999). Thus, Rule 15(a) limits the court's discretion by requiring that leave to amend must be "freely given when justice so requires." <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); <u>Nat'l. Independent Theatre Exhibitors, Inc. v. Charter Financial Group, Inc.</u>, 747 F.2d 1396, 1404 (11th Cir. 1984). As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend. <u>Laurie</u>, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" <u>Id.</u>

The Motion for Leave to Amend is unopposed and timely filed. Therefore, the Court finds good cause to grant leave to amend and direct the Clerk of the Court to accept the attached Amended Complaint as filed.

Accordingly, it is now **ORDERED:**

The Plaintiff, Robert J. Bell, III and the Defendant Lowe's Home Centers, Inc.'s Stipulation to Amend Complaint Construed as a Motion for Leave to Amend (Doc. #14) is **GRANTED**. The Clerk of the Court is directed to file the attached Amended Complaint (Doc. # 14-1) with the Court. The Defendant has **twenty (20) days** to file an answer to the Amended Complaint.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of February, 2013.

*[signature: Sheri Polster Chappell]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record